UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MOUNT VERNON SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PPC REALTY LLC, <br><br> Defendant. | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

This is an action brought by the plaintiff, Mount Vernon Specialty Insurance Company ("Mount Vernon") seeking declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the rights, obligations and liabilities of the parties under a policy of insurance issued by Mount Vernon to PPC Realty LLC. ("PPC Realty"). This action specifically seeks a determination that Mount Vernon is not obligated under Commercial Package Policy No. DPS4001623A to indemnify PPC Realty in connection with a fire loss that took place at its occupied property located at 820 Wethersfield Avenue, Hartford CT 06114.

**THE PARTIES**

1.      The plaintiff, Mount Vernon, is an insurance company organized under the laws of the Nebraska, with a principal place of business located at 10330 Regency Parkway Drive Suite 100, Omaha, Nebraska 68114.  Mount Vernon is registered with the Connecticut Insurance Department to conduct business in Connecticut.

1

2.   The defendant, PPC Realty, is a Connecticut limited liability company with a place of business at 279-281 East 204th Street, Bronx, New York.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.   Venue properly lies with this Court pursuant to 28 U.S.C. § 1391 since the events giving rise to this complaint substantially arose and occurred in this judicial district.

## ISSUANCE OF MOUNT VERNON POLICY

5.   The policy of insurance at issue in this declaratory judgment action is Commercial Package Policy No. DPS4001623A ("the Policy").  The Policy was a renewal issued by Mount Vernon to PPC Realty, with a Policy Period of May 14, 2021 to May 14, 2022.  A copy of the Policy is attached hereto as **Exhibit A**.

6.   The Policy includes a Commercial Liability Coverage Part and a Commercial Property Coverage Part.  The insured property under the Commercial Property Coverage part is listed as 820 Wethersfield Avenue, Hartford, CT 06114 ("the Property").

7.   The Commercial Property Coverage Part Declarations Page lists the Property as "Vacant without Renovation".

8.   The Commercial General Liability Coverage Declarations Page lists the classification as "Vacant buildings – not factories – other than Not-For-Profit".

9.   On or around March 28, 2020, PPC Realty submitted to Mount Vernon the initial Commercial Insurance Application ("Application") for Commercial General Liability and Commercial Property Insurance.  A copy of the Application is attached hereto as **Exhibit B**.

10. On or around May 14, 2020, Property Manager Nick Palushaj ("Palushaj") signed on behalf of PPC Realty a Certification of No Known or Reported Losses, Claims, Lawsuits, Occurrences, Facts or Circumstances ("Certification"). The Certification is attached hereto as **Exhibit C**.

11. The Certification signed by Palushaj reads as follows:

> The Named Insured or Applicant for Insurance ("Applicant") certifies as follows:
>
> 1. The person signing below is authorized to sign for and on behalf of the Named Insured Applicant and has full knowledge of the facts set forth herein.
>
> 2. As of the date shown below, there have been no known or reported losses, claims, lawsuits or occurrences; nor are there any known facts, circumstances or situations that might reasonably be expected to result in a claim or lawsuit whether or not coverage may be sought under the policy shown below (except as previously disclosed in writing to the Company).
>
> 3. The Named Insured or Applicant understands that the Company has relied on this Certification to provide coverage as requested by the Named Insured or Applicant.
>
> 4. The Named Insured or Applicant further understands that this Certification is material to the Company's decision to provide coverage as requested and that if any statements made herein are false or inaccurate, the Company can, at its option, void the Policy and/or disclaim coverage for any claim(s) submitted under the Policy.

12. On or around May 14, 2020, PPC Realty submitted a Vacant/Partially Vacant Building Supplemental Application ("Supplemental Application") for the Property. Within the Supplemental Application, the Type of Account is checked off as "Owner of building that is completely vacant." The Supplemental Application is attached hereto as **Exhibit D**.

13. The Supplemental Application signed by Palushaj on behalf of PPC reality contains the following provision:

> The signer of this application acknowledges and understands the information provided in this application is material to the Insurer's decision to provide the requested insurance and is relied on by the Insurer in providing such insurance. The signer of this application represents that the information provided in this Application is true and correct in all matters. The signer of this Application further represents that any changes in matters inquired about in this Application occurring prior to the effective date of coverage, which render the information provided herein untrue, incorrect, or inaccurate in any way will be reported to the Insurer immediately in writing. . .

14. As a result of these representations, Mount Vernon issued the original Commercial Package Policy No. DPS4001623 to PPC Realty, with an expiration date of May 14, 2021.

15. On or around March 8, 2021, John Crowley ("Crowley"), an agent at XS Brokers Insurance Agency, Inc. ("XS Brokers"), initiated the renewal process for Commercial Package Policy No. DPS4001623 issued to PPC Realty.

16. On or around March 9, 2021, Crowley forwarded a Renewal Quotation ("Renewal Quotation") for Commercial Package Policy No. DPS4001623 to Stern Agency, Inc., which was the insurance agency for PPC Realty. The Renewal Quotation is attached hereto as **Exhibit E**.

17. The Renewal Quotation contained the following provision requiring further information ("Renewal Confirmations") from the Insured:

> B. **Items Required Within 21 days of the inception of coverage:**
>
> - No changes in the named insured's organization, operation, location, receipts, financial condition, losses, or other conditions that could be reasonably expected to affect eligibility and pricing of renewal coverage
> - No change in mailing or location address during the last year
> - Building is totally vacant.
> - Building is locked and secured from unauthorized entry.
> - Building is not scheduled for demolition.
> - No renovations are planned during our policy term.

- No interior or exterior portion of the building currently damaged by fire, water, wind or hail or any other peril not specifically listed.

18. On or about May 12, 2021, Palushaj signed a Renewal Insurance Quotation ("Endorsed Renewal Quotation") for Policy No. DPS4001623 on behalf of PPC Realty. A copy of the Endorsed Renewal Quotation is attached hereto as **Exhibit F**. Under "Exposures", the Renewal Quotation reads "27,000 vacant sq ft". Id.

19. On or about May 13, 2021, Crowley returned to Mount Vernon via email the Endorsed Renewal Quotation with a request to bind coverage effective May 14, 2021. A copy this correspondence is attached hereto as **Exhibit G.**

20. On or about June 3, 2021, Palushaj initiated email correspondence to Jason Stern ("Stern") at Stern Agency Inc., which is the insurance agent for PPC Realty. See Email dated June 3, 2021, attached as **Exhibit H**. In the email, Palushaj states:

> Jason
> We have rented all Apts at this location:
> Please advise

21. On or about June 3, 2021, Stern responded to Palushaj. See Email dated June 3, 2021, attached as **Exhibit H**. Stern asked the following:

> Ok so do you want me to shop for an occupied building policy?

22. On or about June 4, 2021, Palushaj responded to Stern stating "[y]es". See Email dated June 4, 2021, attached as **Exhibit H**.

23. Meanwhile, on or about June 4, 2021, Mount Vernon once more requested from Crowley at XS Brokers the Renewal Confirmations detailed in Paragraph 17 above.

24. Included in the June 4, 2021 Mount Vernon request to Crowley was a form specifying the Renewal Confirmations detailed in Paragraph 17 above.

25. On June 4, 2021, Crowley sent a request for information to Michelle Vatsinaris of Stern Agency Inc. See Email dated June 4, 2021, attached hereto as **Exhibit I.** Crowley's request for information requested the same information specified in paragraph B. of the Renewal Confirmations referenced above.

26. On June 10, 2021, Vatsinaris of Stern Agency, Inc. sent Crowley a response to his request for information ("the Stern Response"). See Email dated June 10, 2021, attached as **Exhibit I.** The answers to the requested information were highlighted in green in the Stern Response. See **Exhibit J.**

27. The Stern Response contained the following notations:

> - No changes in the named insured's organization, location, receipts, financial condition, losses or other conditions that could reasonably be expected to affect eligibility and pricing of renewal coverage     **No Changes**
>
> - No change in mailing or location address during the last year     **No Changes**
>
> - Building is totally vacant.    **Correct**
>
> - Building is locked and secured from unauthorized entry.    **Correct**

28. The responses provided in the Stern Response were false and misrepresentations because both PPC Realty and Stern Agency, Inc. were aware that the Property was occupied with tenants at the time of the Policy's renewal, and PPC Realty and Stern Agency, Inc. failed to correct such false information.

29. Had Mount Vernon known that the information provided in the Stern Response was false, it would not have issued the Policy because it was not insuring an occupied building.

30. Further, the Policy includes the following Classification Limitation Endorsement which applies to the Commercial Liability coverage part:

> Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page
>
> No coverage is provided for any classification(s) and code(s) not specifically listed in the Declarations page of this policy.

As set forth above, the Commercial Property Coverage Part Declarations Page lists the Property as "Vacant without Renovation".

31. The Policy also includes a Vacant Building Protection Warranty ("Vacant Building Warranty"), which applies to both the Commercial Liability coverage part and the Commercial Property coverage part. The Vacant Building Warranty states the following:

> The Insured acknowledges that this Policy was issued based on the following representation and warranty. Furthermore, the Insured agrees to maintain the following Warranty for the entire term of the Policy and any renewals thereof, as a condition of coverage.
>
> In consideration of the payment of premium and the issuance of this Policy by the Company, the Insured represents and warrants that:
>
> 1. All windows, doors and passageways for ingress and egress to a building or portion of a building covered by this Policy of insurance that is vacant or partially vacant are and shall remain fully secured and protected from all forms of unauthorized entry.
>
> All other terms and conditions remain unchanged. This endorsement is a part of your Policy and takes effect on the effective date of your Policy unless another effective date is shown.

## THE FIRE AT 820 WETHERSFIELD AVE., HARTFORD, CONNECTICUT

32. On October 17, 2021, a fire ignited at the Property and caused extensive damage to the building.

33. The fire is alleged to have been caused by a person using drugs inside of the Property.

7

34. On or about October 19, 2021, PPC Realty retained the services of a Public Adjuster from Ben Gruber Adjusters Inc. ("Gruber Adjusters").

35. On October 27, 2021, an Independent Adjuster from LaMarche Associates, Inc. ("LaMarche") conducted an initial inspection of the Property for Mount Vernon. In his report, the LaMarche adjuster noted "[o]nly 2 doors in the [Property] were unlocked." The initial LaMarche Report ("First LaMarche Report") is hereto attached as **Exhibit K**.[1]

36. The First LaMarche Report also notes that the Independent Adjuster spoke with a technician while at the Property. The First LaMarche Report details the following conversation:

> We [LaMarche] inquired about injuries and were notified some persons ended up spending a night in the hospital due to smoke inhalation and that he [the technician] believed them to be residents. We [LaMarche] inquired if anyone was residing in [the Property] and were told that many units were rented and that the building was not vacant.

37. On November 3, 2021, the LaMarche Independent Adjuster returned to the Property for a full walkthrough inspection. The LaMarche Report from the November 3, 2021 inspection ("Second LaMarche Report") is attached as **Exhibit L.**[2]

38. In the Second LaMarche Report, the Independent Adjuster noted that the Property "appeared to contain 44 separate units of studio and one-bedroom units of which all but a select few had furniture and signs of residency therein. . . [M]ail with notices to tenants of [the Property] back to January 2021 was observed and documented."

39. On or about November 9, 2021, Gruber Adjusters sent Mount Vernon an Advanced Request Letter ("Advanced Request Letter") for an advance of $250,000.00 for the Property, and

---

[1] For the sake of brevity, photographs appended to the report have been omitted from Exhibit K.

[2] For the sake of brevity, photographs appended to the report have been omitted from Exhibit L.

$100,000.00 for loss of business income. The Advanced Request Letter is attached as **Exhibit M**.

40. An actual controversy has arisen and presently exists between Mount Vernon and the Defendant regarding whether the Policy provides coverage to PPC Realty with respect to the Property and any claims, obligations, or expenses arising out of the fire.

### COUNT I – DECLARATORY JUDGMENT (RESCISSION)

41. Mount Vernon restates and incorporates the allegations of Paragraphs 1 – 40 as if fully stated herein.

42. By claiming that the Property was still vacant at the time of renewal, PPC Realty, itself and through its agent, Stern Agency, Inc., made a misrepresentation of material fact in (1) the Renewal Quotation, and (2) in the Stern Response to the Renewal Confirmations, when, in fact, the Property was not vacant but occupied by tenets.

43. This material misrepresentation increased Mount Vernon's risk of loss because if Mount Vernon had known the truth, it would not have issued the Policy for a vacant building. Therefore, Mount Vernon is entitled to rescind the Policy.

### COUNT II–DECLARATORY JUDGMENT (CLASSIFICATION LIMITATION ENDORSEMENT)

44. Mount Vernon restates and incorporates the allegations of Paragraphs 1 – 43 as if fully stated herein.

45. The Policy was issued with an endorsement entitled "Classification Limitation Endorsement" which provides, in pertinent part:

> Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.
>
> No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy.

46. The Property does not fall within the classification of "Vacant buildings – not factories – other than Not-For-Profit" as it was not vacant at the time of renewal or when the fire occurred.

47. Therefore, the "Classification Limitation Endorsement" excludes coverage for any claim arising out of the fire at the Property because such coverage is conditioned on the vacancy of the Property, as listed in the Policy.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff, Mount Vernon Fire Insurance Company, requests a Judgment which makes the following declaration of rights:

(a) The Policy was issued in reliance upon material misrepresentations of fact in the Renewal Quotation and the Stern Response;

(b) Mount Vernon is entitled to rescind the Policy;

(c) Coverage for PPC Realty with respect to any claims stemming from the fire are precluded by the "Classification Limitation Endorsement" issued with the Policy;

(d) Mount Vernon has no obligation to indemnify PPC Realty with respect to any claim relating to the fire at the Property; and

(e) Mount Vernon is entitled to such further relief as is just and proper.

                        Respectfully submitted,

                        MOUNT VERNON SPECIALTY
                        INSURANCE COMPANY

                        By its attorney,

                        */s/ Ian J. Gemmell*
                        Ian J. Gemmell, (Juris No. 431790)
                        Scarlett M. Rajbanshi (*pro hac vice* motion forthcoming)
                        Peabody & Arnold LLP
                        Federal Reserve Plaza
                        600 Atlantic Avenue
                        Boston, MA 02210
                        (617) 951-2100
                        igemmell@peabodyarnold.com
                        srajbanshi@peabodyarnold.com

Dated: June 14, 2022